IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02292-CMA-KLM

USA,

    Plaintiff,

v.

JAMES D. WELCH, individually and as Executive Trustee of Celestial Pursuits Trust,
AMRA WELCH, as nominee/alter ego of James D. Welch, and
CIT GROUP/EQUIPMENT FINANCING, INC.,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant Jim Welch's ("Welch") **Motion Requesting Clarification and Motion to Compel** [Docket No. 33; Filed March 5, 2012] (respectively, the "Motion to Clarify" and the "Motion to Compel"). On April 25, 2012, Plaintiff filed a Response in opposition to the Motion. In short, Defendant Welch seeks a Court order compelling production from the Clerk of Court of appointment affidavits and oaths of office of Court personnel connected to this case, including members of the Office of the Clerk and the judicial officers assigned to this matter. Defendant Welch also seeks the answers to ten legal questions in connection with his discovery request, such as "Does 5 U.S.C. 3331 require all clerks and deputy clerks to execute valid SF-61 APPOINTMENT AFFIDAVITS?" *Motion* [#33] at 6.

    With respect to the Motion to Compel, in late February 2012 Defendant Welch attempted to serve a subpoena for production of documents on Gregory C. Langham, the Clerk of Court for the United States District Court for the District of Colorado. *See Attach. 1 to Motion* [#33] at 15-16. In a letter dated February 27, 2012, the Legal Officer to the Clerk of Court (the "Legal Officer") responded to Defendant Welch's subpoena. *See Attach. 1 to Motion* [#33] at 12-14. In the letter, the Legal Officer explained the proper procedure for obtaining production of documents from judiciary officers, staff, and court records. *See id.* "[P]roperly promulgated agency regulations implementing federal statutes have the force and effect of federal law . . . ." *Boron Oil Co. v. Downie*, 873 F.2d 67, 71 (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 295-96 (1979)). Pursuant to 28 U.S.C. §§ 604(a)(1), (f), the Director of the Administrative Office of the United States Courts (the

"Director") has the authority to "[s]upervise all administrative matters relating to the offices of clerks and other clerical and administrative personnel of the Courts" and to "make, promulgate, issue, rescind, and amend rules and regulations . . . as may be necessary to carry out the Director's functions, powers, duties, and authority." The Testimony of Judiciary Personnel and Production of Judiciary Records in Legal Proceedings (2003) ("Testimony")[1] are the relevant regulations promulgated by the Director. *See Testimony* § 2. "Federal judicial personnel may not . . . produce records in legal proceedings except as authorized in accordance with these regulations." *Id.* § 5(a). Pursuant to the regulations,

> The request[2] for testimony or production of records shall set forth, or shall be accompanied by an affidavit setting forth, a written statement by the party seeking the testimony or production of records, or by counsel for the party, containing an explanation of the nature of the testimony or records sought, the relevance of the testimony or records sought to the legal proceedings, and the reasons why the testimony or records sought, or the information contained therein, are not readily available from other sources or by other means. This explanation shall contain sufficient information for the determining officer designated in section 7(b) to determine whether or not federal judicial personnel should be allowed to testify or the records should be produced. Where the request does not contain an explanation sufficient for this purpose, the determining officer may deny the request or may ask the requester to provide additional information.

*Testimony* § 6(a). Defendant Welch has not alleged that he has followed the appropriate procedure, as explained here and in the Legal Officer's letter to him, to obtain the information he requests. Instead, he is attempting to bypass the appropriate procedure by asking the Court to enforce his request as originally made. Defendant Welch must comply with the regulations authorizing release of documents from the federal judiciary. Accordingly,

　　　　IT IS HEREBY **ORDERED** that the Motion to Compel is **DENIED**.

　　Defendant Welch further seeks answers to a number of legal questions, such as, "Does 5 U.S.C. 2906 designate the Office of Clerk of Court as the legal custodian of all SF-61 APPOINTMENT AFFIDAVITS executed by all personnel employed by this Court?" *Motion* [#33] at 6. It is inappropriate for the Court to address such questions because it is

---

[1] The Testimony is available on the Court's website at: http://www.cod.uscourts.gov/Documents/Civil/MiscForms/rule_disclosure.pdf.

[2] A "request" includes a subpoena "for the production, disclosure, or release of information or records by the federal judiciary . . . ." *Testimony* § 3(a). Defendant submitted a subpoena to the Clerk of Court in connection with this matter.

apparent that Defendant Welch is seeking legal advice from the Court. The Court is precluded from offering legal advice to litigants, whether *pro se* or otherwise. *See Peper v. Dep't of Agric.*, No. 04-cv-01382-ZLW-KLM, 2008 WL 2690707, at *2 (D. Colo. July 3, 2008). Accordingly,

IT IS FURTHER **ORDERED** that the Motion to Clarify is **DENIED**.

Dated:  May 3, 2012