IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02292-CMA-KLM

USA,

      Plaintiff,

v.

JAMES D. WELCH, individually and as Executive Trustee of Celestial Pursuits Trust,
AMRA WELCH, as nominee/alter ego of James D. Welch, and
CIT GROUP/EQUIPMENT FINANCING, INC.,

      Defendants.

_____

## MINUTE ORDER
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on Defendant James D. Welch's **Motion to Serve Subpoena Via Certified Us [sic] Mail** [Docket No. 37; Filed May 2, 2012] (the "Motion"). "In order to reduce the expense to the parties," Defendant Welch, who proceeds in this matter *pro se*, seeks a Court order permitting and issuing "service of out of state subpoenas on federal employees using the United States Postal Service via certified mail, signed return receipt." *See Motion* [#37] at 1. The four federal employees he seeks to have served with subpoenas are: Timothy Geithner, Secretary of the Treasury, of Washington, D.C.; Douglas H. Shulman, Commissioner of the Internal Revenue Service ("IRS"), of Washington, D.C.; Muareen [sic] Green, an employee of the IRS, in Ogden, Utah; and Susan Meredith, another employee of the IRS, in Fresno, California. *See id.* at 1-2.

Fed R. Civ. P. 45 governs the Court's issuance of subpoenas to compel witnesses to attend and give testimony at depositions, hearings, or trials and to produce materials or permit inspection. A subpoena may be issued by the Court, the Clerk of the Court, or an attorney as an officer of the Court for witnesses and documents found within its jurisdiction. *See* Fed. R. Civ. P. 45(a)(2), (3); *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72 (1988). Thus, a *pro se* litigant who is not a licensed attorney may not issue subpoenas on his own and must seek them from the Court. *See United States v. Meredith*, 182 F.3d 934, at *1 (10th Cir. 1999) (unpublished).

Pursuant to Fed. R. Civ. P. 45(a)(3), the Clerk of Court "*must* issue a subpoena,

signed but otherwise in blank, to a party who requests it.  That party must complete it before service." (Emphasis added).  Although the Court may quash a subpoena after service, the Court apparently has no discretion to deny issuance of subpoenas on request. Thus, the Motion is **granted** to the extent that Defendant Welch seeks issuance of four subpoenas.  However, the Motion is **denied** to the extent that Defendant Welch seeks to have the Court issue subpoenas directly to the third parties and to the extent that Defendant Welch seeks to serve them by certified mail through the United States Postal Service.  Defendant Welch is advised that he must comply with the service instructions delineated in Fed. R. Civ. P. 45(b). Further, pursuant to Fed. R. Civ. P. 45(c)(1), Defendant Welch is warned that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  The issuing court must enforce this duty and may impose an appropriate sanction . . . on a party or attorney who fails to comply."  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#37] is **GRANTED in part and DENIED in part**.

IT IS FURTHER **ORDERED** that the Clerk of Court shall issue four signed but otherwise blank subpoenas to Defendant James D. Welch.

Dated:  May 11, 2012