IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02292-CMA-KLM

USA,

Plaintiff,

v.

JAMES D. WELCH, individually and as Executive Trustee of Celestial Pursuits Trust,
AMRA WELCH, as nominee/alter ego of James D. Welch, and
CIT GROUP/EQUIPMENT FINANCING, INC.,

Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant James D. Welch's ("J. Welch")

**Response to Complaint and Motion to Strike** [Docket No. 44; Filed May 8, 2012]

("Defendant J. Welch's Motion") and on Plaintiff's **Motion to Strike Pleadings on Behalf**

**of Celestial Pursuits Trust by Jim D. Welch** [Docket No. 54; Filed May 25, 2012]

("Plaintiff's Motion").  Defendant J. Welch has not timely filed a Response to Plaintiff's

Motion.

Plaintiff asks the Court to strike two documents filed by Defendant J. Welch: 1)

Defendant J. Welch's Response to Motion for Default Judgment Against Jim D. Welch, as

Executive Trustee of Celestial Pursuits Trust [#43], and 2) Defendant J. Welch's Response

to Complaint and Motion to Strike [#44].  Plaintiff argues that these two documents were

impermissibly filed by Defendant J. Welch as a *pro se* representative of Celestial Pursuits

Trust.

A corporation, partnership, or other legal entity, such as a trust, "cannot appear without counsel admitted to practice before this court . . . ."  D.C.COLO.LCivR 83.3D; *Amoco Prod. Co. v. Aspen Grp.*, 25 F. Supp. 2d 1162, 1166 (D. Colo. 1998).  *See also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987) ("He may not claim that his status as trustee includes the right to present arguments pro se in federal court."); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported [pro se trustees,] has no right to represent another entity, i.e., a trust, in a court of the United States.").

The Response to Motion for Default Judgment Against Jim D. Welch, as Executive Trustee of Celestial Pursuits Trust [#43] is clearly a response by a pro se litigant, Defendant J. Welch, on behalf of Celestial Pursuits Trust, as the underlying motion was directed at the trust through Defendant J. Welch in his official capacity as Executive Trustee.  *See Motion for Entry of Default as to Jim D. Welch, as Executive Trustee, Celestial Pursuits Trust* [#40]. Further, Defendant J. Welch clearly responds in each of the documents at issue solely in his personal capacity.  *See Response to Motion for Default Judgment Against Jim D. Welch, as Executive Trustee of Celestial Pursuits Trust* [#43] at 1 (stating "COMES NOW, Jim David Welch, erroneously identified as Executive Trustee of Celestial Pursuits Trust"); *Defendant J. Welch's Motion* [#44] at 1 (same).  Yet, in each document, Defendant J. Welch attempts to address arguments made against the trust.  *See Response to Motion for Default Judgment Against Jim D. Welch, as Executive Trustee of Celestial Pursuits Trust* [#43] at 1; *Defendant J. Welch's Motion* [#44] at 11-12.  However, such representation by a *pro se* litigant on behalf of a trust is impermissible.  *See Amoco Prod.*

-2-

*Co.*, 25 F. Supp. 2d at 1166.[1]

Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Motion [#54] is **GRANTED**.

IT IS FURTHER **ORDERED** that Defendant J. Welch's Response to Motion for Default Judgment Against Jim D. Welch, as Executive Trustee of Celestial Pursuits Trust [#43] and Defendant J. Welch's Motion [#44] are both **STRICKEN** from the record.

Dated:  June 26, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

---

[1]  The Court further notes that Defendant J. Welch's Motion [#44] does not comply with Local Rule 7.1C., which requires that a "motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate paper."  That motion may be denied on this basis alone.