IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02292-CMA-KLM

USA,

    Plaintiff,

v.

JAMES D. WELCH, individually and as Executive Trustee of Celestial Pursuits Trust,
AMRA WELCH, as nominee/alter ego of James D. Welch, and
CIT GROUP/EQUIPMENT FINANCING, INC.,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants Jim D. Welch ("J. Welch") and Amra Welch's (collectively, the "Welch Defendants") **Petition to Dismiss** [Docket No. 49; Filed May 18, 2012] (the "Motion"). On May 29, 2012, Plaintiff filed a Response [#57]. On June 5, 2012, the Welch Defendants filed a Reply [#58]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition. The Court has reviewed the Motion, the Response [#57], the Reply [#58], the relevant law, and the entire case file, and is advised in the premises. For the reasons stated below, the Court **RECOMMENDS** that the Motion [#49] be **DENIED**.

### I. Background

The Welch Defendants are proceeding *pro se*. Plaintiff brings this action "to reduce

to judgment the outstanding federal tax liabilities assessed against [Defendant J. Welch] and to foreclose federal tax liens against a parcel of real property located in Colorado." *Compl.* [#1] at 1.  The Welch Defendants raise two subject matter jurisdiction issues in the Motion.  First, they assert that the United States is not a proper party in this action because "the United States of America and the United States are [not] one and the same, where the Constitution for the United States of America and 28 U.S.C. § 1746 affirmatively state otherwise."  *Reply* [#58] at 2.  Second, they assert that neither 4 U.S.C. § 72 nor any other congressional act "expressly extend[s] the jurisdiction of the Department of the Treasury into the 50 several States of the Union."  *Id.*

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it.  Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); see Fed. R. Civ. P. 12(b)(1).  Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed.  *F. & S. Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."  *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.*  By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations."  *Id.* at 1003.  With a factual

attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. Id. In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

## III.  Analysis

**A.     United States as Proper Party**

With respect to the first argument, that the "United States of America" and the "United States" are not the same entity, this argument is patently frivolous. In full, 28 U.S.C. § 1746 states:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
>
> (Signature)".

> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
> (Signature)".

Nothing in this statute or the United States Constitution remotely supports the Welch Defendants' assertion that the "United States of America" is a separate legal entity from the "United States," or that such a distinction affects the standing of Plaintiff to bring this suit against the Welch Defendants. *See, e.g.*, *United States v. Jacob*, 242 F.3d 391 (Table) (10th Cir. Nov. 13, 2000) (rejecting argument that "the United States is a foreign state without power to assess penalties and interest [for failure to pay taxes] or to impose [tax] liens against [the plaintiff's] property"). Accordingly, the Welch Defendants' argument regarding the proper party Plaintiff is without merit.

**B.     Jurisdiction of the Department of the Treasury**

With respect to the second argument, that the Department of the Treasury has no jurisdiction outside of the District of Columbia, the Tenth Circuit has called such assertions "patently frivolous." *United States v. Springer*, 444 Fed. App'x 256, 261 (2011). In full, 4 U.S.C. § 72 states, "All offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, except as otherwise expressly provided by law." The Welch Defendants' argument that this statute prevents the Department of the Treasury from exercising any authority outside of the District of Columbia is "spurious." *Springer*, 44 Fed. App'x at 261 (citing *United States v. Ford*, 514 F.3d 1047, 1053 (10th Cir, 2008); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990)). The Secretary of the Treasury is authorized pursuant to 26 U.S.C. § 6091(a) to promulgate regulations prescribing "the place for the filing of any return, declaration, statement or other document." Applicable regulations, including 26 C.F.R. § 1.6091–2(a), require individuals to file returns

with "any person assigned the responsibility to receive returns at the local Internal Revenue Service office that serves the legal residence . . . of the person required to make the return." Otherwise, if so instructed, individuals or corporations must file returns with a specifically designated Internal Revenue Service center. 26 C.F.R. § 1.6091–2(c). Accordingly, the Court finds that the Welch Defendants' argument regarding the jurisdictional boundaries of the Department of the Treasury is without merit.

## IV. Conclusion

Based on the foregoing,

The Court respectfully **RECOMMENDS** that the Motion [#49] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: September 10, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge