IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02292-CMA-KLM

USA,

    Plaintiff,

v.

JAMES D. WELCH, individually and as Executive Trustee of Celestial Pursuits Trust,
AMRA WELCH, as nominee/alter ego of James D. Welch, and
CIT GROUP/EQUIPMENT FINANCING, INC.,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Default Judgment Against CIT Group/Equipment Financing, Inc.** [Docket No. 39; Filed May 4, 2012] (the "Motion"). Plaintiff seeks entry of default judgment against Defendant CIT Group/Equipment Financing, Inc. ("CIT"). Pursuant to Fed. R. Civ. P. 55(a), the Clerk of Court entered default against Defendant CIT on February 2, 2012 [#30]. Defendant CIT has not responded to Plaintiff's Complaint [#1] or the present Motion. For the reasons set forth below, the Motion [#39] is **DENIED without prejudice**.

**I. BACKGROUND**

Plaintiff initiated this lawsuit on August 31, 2011, seeking, in short, to reduce to judgment outstanding federal tax liabilities assessed against Defendant James D. Welch ("J. Welch") and to foreclose federal tax liens against a parcel of real property located at

11420 Teachout Road, Colorado Springs, Colorado (the "Property"). *Compl.* [#1] at 1, 3.

According to the Complaint, the Property was transferred by Warranty Deed recorded on February 19, 1999 from Samuel's Custom Homes, Inc. to Celestial Pursuits Trust, of which Defendant J. Welch is the Executive Trustee. *Compl.* [#1] at 3. The funds for the purchase of the Property came from Defendant J. Welch. *Id.* The Property was later transferred from Celestial Pursuits Trust to Defendant J. Welch's daughter, Defendant Amra Welch by Quit Claim Deed recorded on December 15, 2003. *Id.*

Defendant CIT is named as a Defendant pursuant to 26 U.S.C. § 7403(b) "because it may claim an interest in the real property at issue in this suit." *Id.* at 2. In the Motion, Plaintiff also asserts that "[o]n March 14, 2003, a Transcript of Judgment was entered against [Defendant J. Welch] by [Defendant CIT] in the amount of $26,190.01." *Motion* [#39] at 1. No other allegations about Defendant CIT exist in either the Complaint or the Motion.

## II. ANALYSIS

The Court first examines whether the Clerk of the Court properly entered default against Defendant CIT. On October 20, 2011, Plaintiff filed an Affidavit of Service [#6] stating that it served Laura Nelson ("Nelson"), Legal Assistant for CIT Group/Equipment Financing, Inc., on October 11, 2011. On November 20, 2011, Plaintiff filed another Affidavit of Service [#20] stating that it served Emily Barnhard ("Barnhard"), Authorized R/A for CTI Group/Equipment Leasing R/A: CT Corporation Systems, on November 4, 2011. On February 2, 2012, Plaintiff filed a Motion for Entry of Default as to Defendant CIT [#29]. Plaintiff based its Motion for Entry of Default on the second Affidavit of Service. On February 6, 2012, the Clerk of the Court entered default as to Defendant CIT based *not* on

Plaintiff's request with respect to the second Affidavit of Service, but with respect to Plaintiff's first attempt at service.

Rule 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Before entry of default, the Court must first determine whether Defendant CIT was served. Plaintiff's Affidavit of Service identifies Defendant CIT as a corporation. *See* [#20]. Therefore, the Court analyzes the adequacy of service in the context of Fed. R. Civ. P. 4(h), which establishes the requirements for service of a corporation, partnership, or association.

Rule 4(h) provides that service on a corporation, partnership, or association is adequate if effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ." Fed. R. Civ. P. 4(h)(1)(B). On October 20, 2011, Plaintiff filed an Affidavit of Service demonstrating that a private process server personally delivered the summons to Ms. Nelson, a "legal assistant." There is nothing in the record to indicate that Ms. Nelson was a proper agent for service of Defendant CIT; in other words, the record is devoid of evidence demonstrating that she is an officer or appropriate agent of Defendant CIT on whom proper service could be made. The Court therefore finds that service on Defendant CIT via Ms. Nelson is insufficient. *See* Fed. R. Civ. P. 4(h)(1)(B).

On November 23, 2011, Plaintiff filed its second Affidavit of Service, demonstrating that a private process server personally delivered the summons to Ms. Barnhard as the registered agent for "CTI Group/Equipment Leasing." *See Aff. of Serv.* [#20]. On the basis of this service, Plaintiff sought entry of default on February 2, 2012 [#29]. However, there

is no evidence in the Motion for Entry of Default, in the Complaint, or anywhere else in the record that "CTI Group/Equipment Leasing" is the same entity as Defendant "CIT Group/Equipment Financing, Inc." The Court therefore finds that service on "CTI Group/Equipment Leasing" is insufficient for entry of default without proof by Plaintiff that it is the same entity as Defendant "CIT Group/Equipment Financing, Inc."

Having found that Defendant CIT has not been properly served,

IT IS HEREBY **ORDERED** that the Clerk's Entry of Default [#30] is **STRICKEN**.

IT IS FURTHER **ORDERED** that the Motion for Entry of Default as to Defendant CIT [#29] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that the Motion for Default Judgment [#39] as to Defendant CIT is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that Plaintiff shall file proof of proper service on Defendant CIT **on or before November 1, 2012** or risk recommendation of dismissal of CIT as a Defendant in this matter.

Dated: September 17, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge