**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02292-CMA-KLM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JAMES D. WELCH,
AMRA WELCH, as nominee/alter ego of James D. Welch,
JAMES D. WELCH, as Executive Trustee of Celestial Pursuits Trust, and
CIT GROUP/EQUIPMENT FINANCING, INC.,

      Defendants.

---

## ORDER OF FORECLOSURE AND SALE

---

The United States' Motion for Order of Foreclosure and Sale (Doc. # 114) is

hereby GRANTED and this Order of Foreclosure and Sale is entered pursuant to the

provisions of 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403. The Court

hereby ORDERS as follows:

      1.      Jim D. Welch is indebted to the United States of America ("United States")

for unpaid assessed balances of federal income taxes for tax years 1998 and 1999, plus

interest and statutory additions accruing after the dates of assessment pursuant to 26

U.S.C. §§ 6601, 6621 and 6622, and 28 U.S.C. § 1961(c) until paid. On September 19,

2013, the Court entered judgment in favor of the United States and against Jim

D. Welch for his federal income tax liabilities for tax years 1998 and 1999, calculated

through September 30, 2013, in the amount of $6,795,746.96, plus such additional

statutory additions, including interest, as continue to accrue until paid in full.

2.      The parcel of real property upon which foreclosure is sought is residential

real property located at 11420 Teachout Road, Colorado Springs, Colorado 80908

("Property"), legally described as follows:

> Lot 2, in Black Forest Square Filing No. 1, in El Paso County
> Colorado, according to the plat thereof recorded August 28,
> 1998 at Reception No. 98123605

3.      Jim D. Welch obtained title to the Property via a Warranty Deed

transferring title to his nominee, Celestial Pursuits Trust, on February 19, 1999.

4.      The United States has valid and subsisting tax liens on all property and

rights to property of Jim D. Welch, including the Property, arising from the assessments

described in paragraphs 31 and 32 of the Complaint, which tax liens are effective as of

the dates of those assessments.  The United States further protected its liens by filing

Notices of Federal Tax Lien with the County Recorder's Office for El Paso County,

Colorado.

5.      Section 7403 of Title 26 (U.S.C.) entitles the United States to enforce

its liens against the real property at issue in order to apply the proceeds towards the

federal income tax liabilities of Jim D. Welch.

6.      The United States' federal tax liens against the Property are hereby

foreclosed.  The United States Marshal for the District of Colorado, his/her

representative, or an Internal Revenue Service Property Appraisal and Liquidation

Specialist ("PALS") representative is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property, free and clear of the right, title and interest of all parties to this action and any successors in interest or transferees of those parties. The United States may choose either the United States Marshal or a PALS representative to carry out the sale under this Order of Foreclosure and Judicial Sale and shall make the arrangements for any sale as set forth in this Order. This Order of Foreclosure and Judicial Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

7.    The United States Marshal for the District of Colorado, his/her representative, or a PALS representative is authorized to have free access to the Property and to take all actions necessary to preserve it including without limitation retaining a locksmith or other person to change or install locks or other security devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

8.    The terms and conditions of the sale are as follows:

   a.    Except as otherwise stated herein, the sale of the Property shall be by public auction to the highest bidder, free and clear of all liens and interests.

   b.    The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

3

c.      The sale shall be held at the courthouse of the county or city in

which the Property is located, on the Property's premises, or at any

other place in accordance with the provisions of 28 U.S.C. §§ 2001

and 2002, at a date and time announced by the United States

Marshal, his/her representative, or a PALS representative.

d.      Notice of the sale shall be published once a week for at least four

consecutive weeks before the date fixed for the sale in at least one

newspaper regularly issued and of general circulation in El Paso

County, Colorado, and, at the discretion of the Marshal, his/her

representative, or a PALS representative, by any other notice that

it or its representative may deem appropriate.  **State law notice**

**requirements for foreclosures or execution sales do not apply**

**to this sale under federal law.**  The notice of sale shall describe

the Property and contain the material terms and conditions of sale

in this Order of Foreclosure and Sale.

e.      The minimum bid will be set by the Internal Revenue Service.  If the

minimum bid is not met or exceeded, the Marshal, his or

her representative, or a PALS representative may, without further

permission of this Court, and under the terms and conditions in

this Order of Foreclosure and Sale, hold a new public sale, if and

reduce the minimum bid, or, in the alternative, sell the Property
to the second highest bidder at the first sale;

f.     Bidders shall be required to DEPOSIT at the time of sale with
the Marshal, his/her representative, or a PALS representative,
a minimum of five percent of the bid with the deposit to be made
by a certified or cashier's check payable to the United States
District Court for the District of Colorado. Before being permitted
to bid at the sale, bidders shall display to the Marshal, his/her
representative, or a PALS representative satisfactory proof of
compliance with this requirement.

g.     The balance of the purchase price of the Property in excess of
the deposit tendered shall be paid to the Marshal or a PALS
representative (whichever person is conducting the sale) within
thirty (30) days after the date the bid is accepted by a certified
or cashier's check payable to the United States District Court for
the District of Colorado. If the successful bidder fails to fulfill this
requirement, the deposit shall be forfeited and shall be applied to
cover the expenses of the sale, including commissions due under
28 U.S.C. § 1921(c), with any amount remaining to be applied to
the federal tax liabilities of Jim D. Welch at issue herein.  The

Property shall be again offered for sale under the terms and conditions of this Order of Foreclosure and Judicial Sale.

h.   The United States may bid as a credit against its judgment without tender of cash.

i.   The sale of the real property at issue shall not be final until confirmed by this Court. The United States shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within 30 days from the date of receipt of the balance of the purchase price.

j.   Upon confirmation of the sale, the Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying the real property at issue to the purchaser.

k.   Upon confirmation of the sale, the interests of, liens against, or claims to the real property at issue held or asserted by the United States in the Complaint and any other parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished.  The sale is ordered pursuant to 28 U.S.C. § 2001.  **Redemption rights under state law shall not apply to this sale under federal law.**

l.   Upon confirmation of the sale, the purchaser shall have the recorder of deeds, El Paso County, State of Colorado, to cause

transfer of the real property at issue to be reflected upon that county's register of title.

9.      Until the real property at issue is sold, Jim D. Welch shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies on the Property.  He shall not commit waste against the Property, nor shall he cause or permit anyone else to do so.  Jim D. Welch shall not do anything that tends to reduce the value or marketability of the Property, nor shall he cause or permit anyone else to do so.  He shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall he cause or permit anyone else to do so. **Violation of this paragraph shall be deemed a contempt of court and punishable as such.**

10.      All persons occupying the Property shall leave and vacate permanently such property no later than 30 days after entry of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances) when leaving and vacating.  If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Office or the Sheriff of El Paso County is authorized to take whatever action they deem appropriate to remove such person or persons from the premises, whether or not the

7

sale of such property is being conducted by a PALS representative.  If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office or the PALS representative is authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to the tax liabilities at issue herein.

11.     Notwithstanding the terms of the immediately preceding paragraph, if, after the sale of the Property is confirmed by this Court, the Property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the Property to the purchaser(s) thereof.

12.     Jim D. Welch shall file a forwarding address with the Court within 30 days of the date of this Order, and serve a copy of the same upon the United States and all other parties to this litigation.  If Jim D. Welch, and any other persons occupying the Property, vacates the Property prior to the deadline set forth in paragraph 10, above, such person shall notify counsel for the United States no later than 2 business days prior to vacating the Property of the date on which he or she is vacating the Property. Notification shall be made by leaving a message for said counsel, Rick Watson, at (202) 353-0300.

13.     The Marshal, his or her representative, or a PALS representative, shall deposit the amount paid by the purchaser into the registry of the court.  Upon appropriate motion for disbursement or stipulation of the parties, the court will disburse the funds in the following partial order of preference until these expenses and liens are satisfied: first, to the IRS, for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the Property pending sale and confirmation by the Court; and second, to El Paso County, Colorado, for any and all liens it may have on the real property at issue for unpaid real property taxes or special assessments at the time of the sale. Finally, distribution of the remaining proceeds should be made to the United States in partial satisfaction of the federal tax liabilities of Jim D. Welch at issue herein.

DATED this __28th__ day of July, 2014.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

9